**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| DARRYL BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 21-2412 (RBW) |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

On September 13, 2021, the plaintiff filed his Complaint in this case.  See Complaint

Freedom of Information and Complaint for Declaratory and Injunctive Relief at 1, ECF No. 1.

On October 17, 2022, the Court ordered the plaintiff to file an amended complaint because his

Complaint did not comply with the Local Civil Rules, which require pro se parties filing in

forma pauperis to "provide in the caption the name and full residence or official address of each

party[.]"  Order at 1–2 (Oct. 17, 2022), ECF No. 17; see LCvR 5.1(c)(1) ("Those filing pro se in

forma pauperis must provide in the caption the name and full residence address or official

address of each defendant.  Failure to provide the address information within 30 days of filing

may result in the dismissal of the case against the defendant.").  On November 8, 2022, and

November 18, 2022, the plaintiff filed two motions asking the Court to direct the government to

file a response or to grant him summary judgment.  See Motion for the Court to Order the

Government to File a Response or Grant Burke a Summary Judgment, ECF No. 18; Motion for

the Court to Order the Government to File a Response or Grant Burke a Summary Judgment,

ECF No. 19.  However, the plaintiff failed to amend his complaint in accordance with the

Court's October 17, 2023 Order.  Accordingly, on January 6, 2023, the Court dismissed the

plaintiff's Complaint without prejudice and closed this case.  See Order at 1 (Jan. 6, 2023),

ECF No. 20.

On February 3, 2023, the plaintiff filed a motion ("the plaintiff's motion") asking the

Court to "order the [defendant] to respond or grant a [s]ummary [j]udgment in [his] favor."

Motion for the Court to Reinstate and Order the Government to File a Response or Grant Burke a

Summary Judgment at 2, ECF No. 21.  Because the Court had closed this case on

January 6, 2023, and because this latest filing did not cure the deficiencies for which the Court

had dismissed this case—namely, the plaintiff's failure to file an amended complaint that

complies with the Local Civil Rules and the Court's October 17, 2023 Order—on March 2, 2023,

the Court denied leave to file this motion on the docket.  The Court noted its denial of leave to

file the plaintiff's motion in handwriting on the upper right corner of the plaintiff's motion, along

with the Court's signature and the date of the decision, as is customary for the Court's decisions

to either grant or deny leave to file mailings by pro se parties.  On March 24, 2023, the plaintiff

filed a Notice of Appeal of the Court's March 2, 2023 denial of leave to file his motion on the

docket.  See Notice of Appeal at 1, ECF No. 22.

On April 20, 2023, the plaintiff submitted a letter to the Clerk of the Court, copying Chief

Judge James Boasberg and Attorney General Merrick Garland, asking the recipients to (1) "look

at [the Court's March 24, 2023 denial of leave to file his motion] to make sure [that] this was

sign[ed] by the District Judge" because he "ha[s] never see[n] an order from a District Judge

signed in this manner[,]" (2) "send [him] a copy of any formal order from the District Judge on

or about the same date as [the Court's March 24, 2023 denial of leave to file his motion,]"

(3) "send [him] a docket sheet from January 1, 2023, until now[,]" and (4) "investigate this

matter with your Clerks that the District Judge signed this denied order[.]"  Letter from Darryl

Burke to the Clerk of the Court (Apr. 3, 2023) at 1, ECF No. 25.

As explained above, the Court's March 24, 2023 ruling was not a ruling on the merits of

the plaintiff's motion.  Rather, it was a ruling denying the plaintiff leave to file his motion on the

docket, as this case had been dismissed and the plaintiff's motion did not remedy the deficiencies

in the Complaint that had resulted in the dismissal of the case.  Because the motion was not filed

on the public docket, the Court did not issue an order ruling on the motion.  In addition, on

April 20, 2023, the same day when the plaintiff submitted his letter to the Court, the Clerk of the

Court mailed the plaintiff a copy of the docket sheet and the Order issued by the Court on

January 6, 2023, dismissing this case.  Therefore, the Court will deny the plaintiff's requests in

his April 20, 2023 letter.

Accordingly, it is hereby

**ORDERED** that the requests in the plaintiff's April 20, 2023 letter to the Clerk of the

Court are **DENIED**.  It is further

**ORDERED** that the Clerk of the Court shall forthwith mail a copy of this Order to the

plaintiff's address on record.

**SO ORDERED** this 9th day of June, 2023.

REGGIE B. WALTON
United States District Judge

3